**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────

**No. 21-1739**

───────────

EMILIO DIAZ,

                    Petitioner,

          v.

MERRICK B. GARLAND, Attorney General,

                    Respondent.

───────────

On Petition for Review of an Order of the Board of Immigration Appeals.

───────────

Submitted:  February 27, 2024                    Decided:  February 29, 2024

───────────

Before WILKINSON, WYNN, and HARRIS, Circuit Judges.

───────────

Petition denied by unpublished per curiam opinion.

───────────

**ON BRIEF**:  Rachel K. Chisholm, RACHEL K. CHISHOLM PLLC, Winchester, Virginia, for Petitioner.  Brian Boynton, Principal Deputy Assistant Attorney General, Shelley R. Goad, Jennifer A. Singer, Office of Immigration Litigation, Civil Division, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

───────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Emilio Diaz, a native and citizen of El Salvador, petitions for review of an order of the Board of Immigration Appeals dismissing his appeal from the immigration judge's denial of Diaz's application for cancellation of removal under 8 U.S.C. § 1229b(b)(1). In denying cancellation of removal, the immigration judge found, in relevant part, that Diaz failed to show that his removal would cause an exceptional and extremely unusual hardship for Diaz's two U.S.-citizen sons. We review this determination as a mixed question of law and fact. *Gonzalez Galvan v. Garland*, 6 F.4th 552, 559-60 (4th Cir. 2021).

We have reviewed the administrative record in conjunction with the arguments advanced by Diaz and conclude that there is no error in the agency's dispositive hardship determination.* Accordingly, we deny the petition for review. *See In re Diaz* (B.I.A. June 11, 2021). We dispense with oral argument because the facts and legal questions are adequately presented in the materials before this court and argument would not aid the decisional process.

*PETITION DENIED*

---

* Diaz's challenge to the agency's disposition includes an allegation that, in evaluating the hardship factors, the immigration judge was biased against him because the immigration judge previously ruled that Diaz was convicted of a disqualifying crime involving moral turpitude. Upon review, we agree with the Attorney General that this contention was not administratively exhausted because Diaz did not raise it on appeal to the Board, *see* 8 U.S.C. § 1252(d)(1), and therefore it is not properly before us for review, *see Tepas v. Garland*, 73 F.4th 208, 213 (4th Cir. 2023) (observing that, although § 1252(d)(1) is not jurisdictional, it "remains a mandatory claim-processing rule").